**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAQUEZ PERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, and CHICAGO POLICE )<br>OFFICERS ILIR LLIKA, Star #17601, JORGE )<br>ULLOA, Star #13936, AMRA BUKALO- )<br>MEHMEDOVIC, Star #7811, MICHAEL )<br>VENTURA, Star #14706, and CARLOS )<br>MARTINEZ, Star #17697, )<br>)<br>Defendants. ) | Case No: 22-cv-1654<br><br>Judge<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, JAQUEZ PERSON, by and through counsel, Jared S. Kosoglad, P.C., complaining of the Defendants, the CITY OF CHICAGO, and CHICAGO POLICE OFFICERS ILIR LLIKA, Star #17601, JORGE ULLOA, Star #13936, AMRA BUKALO-MEHMEDOVIC, Star #7811, MICHAEL VENTURA, Star #14706, and CARLOS MARTINEZ, Star #17697, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts under color of law that deprived Plaintiff of rights secured by the Constitution and laws of the United States.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

1

## PARTIES

3. PLAINTIFF JAQUEZ PERSON is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. DEFENDANT CHICAGO POLICE OFFICERS ILIR LLIKA, Star #17601, JORGE ULLOA, Star #13936, AMRA BUKALO-MEHMEDOVIC, Star #7811, MICHAEL VENTURA, Star #14706, and CARLOS MARTINEZ, Star #17697, ("Officer Defendants") were, at the time of this occurrence, duly licensed police officers with the Chicago Police Department. At all times relevant to this Complaint, Defendants acted under color of law and within the scope of their employment with the Chciago Police Department and City of Chicago. They are sued in their individual capacity.

5. DEFENDANT CITY OF CHICAGO is a municipal corporation under the laws of the State of Illinois and was at all times relevant the employer of the OFFICER DEFENDANTS.

## FACTUAL ALLEGATIONS

6. On August 20, 2021, at or about 1434 N. Cicero Avenue in Chicago, Illinois, Plaintiff was stopped and arrested in a parking lot by the Officer Defendants.

7. Plaintiff's arrest lacked probable cause or any other lawful basis.

8. During Plaintiff's arrest, Defendants used an excessive and unreasonable amount of force against Plaintiff.

9. Defendants then caused Plaintiff to be charged with crimes they knew he did not commit, including obstruction of a police officer and battery.

10. The charges lacked probable cause, and the criminal case against Plaintiff was dismissed by motion of the State at the first court date on September 24, 2021. In dismissing the

charges, the State stated words to the effect that the officers had decided not to pursue the charges. The dismissal was indicative of Plaintiff's innocence.

11. Each of the defendants knew the arrest lacked probable cause, the plaintiff was subjected to excessive force, and the criminal charges lacked probable cause.

12. Each of the defendants had the opportunity to prevent Plaintiff's unlawful detention, prevent the use of force against Plaintiff, and prevent the filing of false and fabricated charges; none of the defendants intervened to prevent the misconduct of each other.

13. As a direct and proximate cause of the unlawful conduct of the Officer Defendants, Plaintiff suffered damages, including but not limited to physical pain and suffering, medical treatment, physical injuries, emotional distress, lost time, attorneys' fees, and loss of his constitutional rights and his dignity.

### Count I: Fourth Amendment- Excessive Force
### Against Officer Defendants

14. Plaintiff adopts and re-alleges the above paragraphs as though fully set forth herein.

15. As described in the preceding paragraphs, the conduct of Defendant Officers, acting under the color of law, constituted excessive force in violation of the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

16. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

17. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including pain, injury, mental suffering, anguish and humiliation, and fear.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983- False Arrest
### Against the Officer Defendants

18. Plaintiff adopts and re-alleges the above paragraphs as though fully set forth herein.

19. The actions of the Officer Defendants, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other lawful justification, constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourth Amendment.

20. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer, without limitation, lost time, emotional distress, loss of liberty, physical injuries and pain, and a deprivation of Plaintiff's constitutional rights and his dignity.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 745 ILCS 10/9-102 – Indemnification
### Against Defendant City of Chicago

21. Plaintiff adopts and re-alleges the above paragraphs as though fully set forth herein.

22. Defendant City of Chicago is the employer of the Officer Defendants.

23. The Officer Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any Defendant be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City Of Chicago be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

## COUNT IV: Malicious Prosecution
### Against All Defendants

24. Plaintiff adopts and re-alleges the above paragraphs as though fully set forth herein.

25. By the actions detailed above, the Officer Defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause in order to cover up for their own unlawful activity.

26. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that the Officer Defendants performed the actions complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting within the scope of this employment.

27. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including his lost liberty, exposure to public scandal and disgrace, damage to his reputation, physical injuries, attorneys' fees, mental and emotional suffering, humiliation, lost time, embarrassment, and anguish.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages against the Officer Defendants, the costs of this action, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

    Respectfully Submitted,

    JAQUEZ PERSON

    By: /s/ Jared Kosoglad
    Plaintiff's Attorney
    Jared S. Kosoglad, P.C.
    111 N. Wabash, Suite 3160
    Chicago, IL 60602
    T: 312-513-6000
    E: jared@jaredlaw.com